15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert STOCK, Ph.D., Plaintiff-Appellee,
v.
Richard Y. FUNSTON; John Carpenter; Elton Brown; Tom
Boyer; State of California, Defendants-Appellants.
 No. 93-55218.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 23, 1993.*
Decided Jan. 11, 1994.
 
 Before: CHOY, GOODWIN and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Stock, a faculty member at San Diego State University, sued the University and certain of its officers and employees for damages for violating his civil rights. The defendants moved for summary judgment on the ground of qualified immunity, and now appeal the denial of that motion. We treat the order denying qualified immunity as a "final" judgment for the purposes of appeal. Mitchell v. Forsyth, 472 U.S. 511 (1985). Because material questions of fact remain for trial, we affirm the order.
 
 
 3
 The action was first filed in state court and removed to the district court. Stock's claim, as set forth in a second amended complaint, alleges that the defendants, without lawful warrant or probable cause, arrested him at his home, took him against his will to a mental hospital and imprisoned him, all in violation of his state and federal statutory and constitutional rights. He alleged the usual litany of claims and damages. Additional defendants who are not involved in this appeal have been dropped. It is sufficient to note that unless the defendants can establish a qualified governmental immunity, Stock clearly states claims that must be settled or tried.
 
 
 4
 The motion papers of the defendants asserted facts and opinions which, for the purposes of summary judgment, we will treat as having been filed in good faith. The only question at this stage of the litigation is the sufficiency of the alleged and uncontradicted facts to establish qualified immunity as a matter of law.
 
 
 5
 The factual history begins with the plaintiff making ill-considered telephone calls to San Diego State employees and being placed on medical disability leave. According to defense documents, Stock suffered episodic manic and paranoid attacks. On April 30, 1990, Defendants Brown and Boyer, San Diego State public safety officers, went to Stock's house in La Jolla, intending to take him to Mesa Vista Hospital for an involuntary seventy-two hour commitment pursuant to California Welfare & Institutions Code Sec. 5150. Stock was not at home.
 
 
 6
 The next morning, the officers returned, reinforced with city police officers, and accomplished the commitment to Mesa Vista where Stock was locked up for the statutory period. The officers had no warrant to arrest Stock, but someone in authority had, by telephone, consulted Dr. Minick, a staff psychiatrist at Mesa Vista. Unfortunately for the defense theory that there were no questions of fact for trial, Dr. Minick is also alleged to be an expert witness retained by the defendants in their on-going labor dispute with Professor Stock about retirement benefits and other matters. Stock contends that Dr. Minick never saw or treated him.
 
 
 7
 Except for mere functionaries carrying out orders from their employers, the defendants all claim that their conduct was protected by governmental immunity; that they were at all times performing discretionary governmental functions, and that at all times they reasonably believed in good faith that their actions and orders were constitutional.
 
 
 8
 This court reviews claims and denials of claims of qualified immunity for Fourth Amendment violations under the teaching of Harlow v. Fitzgerald, 457 U.S. 800 (1982). A government official, such as an institutional executive of a state university, will be entitled to immunity for discretionary actions and orders in the conduct of his or her office so long as the actions or orders do not violate clearly established statutory or constitutional rights of which a reasonable person would have knowledge. 457 U.S. at 818.
 
 
 9
 The trial judge correctly perceived that there were many questions of fact material to the Harlow analysis that could not be resolved by the affidavits then before the court. For example, one of the arresting officers said that Dr. Minick had placed a Sec. 5150 "hold" on Stock. Defendant Carpenter, who was chief of the campus police, could not remember whether he had told Boyer and Brown to effect a Sec. 5150 hold on Stock. Boyer testified that he was told by Chief Carpenter to "admit" Stock pursuant to the orders of Dr. Minick. Stock proffered evidence that Dr. Minick denied placing a "hold" on Stock, and that Dr. Minick was not Stock's attending physician, but a "total stranger" to Stock.
 
 
 10
 Because Sec. 5150 defines certain persons who may make probable cause determinations for Sec. 5155 commitment, whether or not Dr. Minick was a member of Stock's attending staff became a very material question. Stock had been examined by another psychiatrist whose affidavit was in the record but who does not appear to have attempted to order an arrest. Many other questions of fact remain to be resolved before a trier of fact can decide whether any person who ordered or accomplished Stock's arrest and confinement had either probable cause or a good faith belief that some other responsible person had probable cause to make the arrest, and had lawfully ordered it.
 
 AFFIRMED
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3